**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00209-CV**
**IN RE SADDLES BLAZIN, LLC**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 18-03-03200-CV**

## MEMORANDUM OPINION

In this original proceeding for a writ of mandamus, Saddles Blazin, LLC, Relator ("Saddles"), contends the trial court abused its discretion by denying a motion to quash a non-party's deposition in litigation between a landlord and a commercial tenant. The trial court ordered Relator to produce a member of the limited liability company, Brian Kelley, for deposition. Relator argues Kelley must be personally served with a subpoena, not through notice of deposition served on Relator's counsel, because Kelley is a former employee living out-of-state, and he is neither a director, manager, or governing person of the company nor an expert for the company. The Real Party in Interest, KRG Portofino, LLC ("Portofino"),

1

contends the trial court had discretion to compel Saddles to produce Kelley for a deposition because Portofino produced evidence that supports an implied finding that Kelley is a governing person and agent of the limited liability company and is subject to the control of Saddles. Portofino justifies employing this method of securing Kelley's deposition because Kelley acted as the principal negotiator of the lease that is the subject of the lawsuit and thwarted Portofino's attempts to serve Kelley with a subpoena in California.

A party may compel a witness to attend an oral deposition by serving the witness with a subpoena. *See* Tex. R. Civ. P. 199.3. If the witness is retained by, employed by, or otherwise subject to the control of a party, however, service of the notice of oral deposition upon the party's attorney has the same effect as a subpoena served on the witness. *Id.* To compel the oral deposition of a non-party, a party must serve a subpoena on the deponent. *See* Tex. R. Civ. P. 205.1. Portofino failed to serve Kelley with a subpoena and relied entirely upon the notice of deposition that it served on counsel of record for Saddles.

We have observed that "control" of a nonparty witness for purposes of Rule 199.3 requires control of the same kind, class, or nature as that a party would have over an employee or a retained expert. *In re Reaud*, 286 S.W.3d 574, 580 (Tex. App.—Beaumont 2009, orig. proceeding). Portofino's justification for compelling Kelley's attendance at a deposition through notice served on counsel of record for

2

Saddles depends upon Kelley's status as a governing person by virtue of his status as a member of the limited liability company. Under the Business Organizations Code, a governing person of a limited liability company is an agent of the company for purposes of carrying out the company's business. *See* Tex. Bus. Orgs. Code Ann. § 101.254(a). "Governing person" is defined as "a person serving as part of the governing authority of an entity." *Id.* § 1.002(37). "Governing Authority" is defined as "the managers of the company, if the company's certificate of formation states that the company will have one or more managers[.]" *Id.* § 101.251.

In an affidavit, Wollan stated that Kelley resigned from Saddles in December 2018 and is now a passive minority investor with a ten percent interest. Wollan further stated that he drafted the governing documents for Saddles, and those documents lack a mechanism requiring minority member's attendance at a deposition. In its initial filings with the State of Nevada in 2013, Saddles stated that the company would be managed by managers, not by members. At that time, the company identified Kelley and Donald Wollan as the company's managers or members. When the company registered in Texas in 2014, it identified Kelley and Donald Wollan as its governing persons. The 2019 annual filing with the Nevada Secretary of State by Saddles, however, identifies Donald Wollan and Christopher Wollan as the sole managers for the company. The company's 2019 Texas Franchise Tax Public Information Report included Kelley in its list of officers, directors,

3

members, general managers or managers without identifying which role Kelley maintained in the company. Because the face of the document does not specify whether Kelley is a manager or a member, the Texas franchise tax report neither refutes nor contradicts the Nevada filing.

The mandamus record establishes that Kelley is a member of Saddles but provides no information about the rights and obligations of members contained in the governing documents for the limited liability company. Absent some evidence that Saddles' governing documents granted the limited liability company the power to adversely affect Kelley's status or compensation as a member if he refused to attend the deposition, this evidence fails to establish that Kelley is subject to the control of Saddles. *See Reaud*, 286 S.W.3d at 583. We conclude the trial court clearly abused its discretion by denying the motion to quash the notice of deposition of Brian Kelley filed by Saddles and ordering Kelley to appear for deposition. Saddles lacks an adequate remedy by appeal because "once the deposition has been taken, it cannot be untaken." *In re Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d 851, 858 (Tex. 2018) (citation omitted).

We lift our temporary stay of the trial court's order and conditionally grant the petition for a writ of mandamus. We are confident that the trial court will vacate its order of August 28, 2020 and quash the notice of deposition of Brian Kelley. A writ of mandamus shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 11, 2020
Opinion Delivered February 4, 2021

Before Kreger, Horton and Johnson, JJ.